Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et. al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, *et. al.*,<br><br>Defendants,<br><br>and<br><br>CONOCOPHILLIPS ALASKA, INC.,<br><br>Intervenor-Defendant. | Case No. 3:23-cv-00058-SLG |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION
## [EXPEDITED RULING REQUESTED BY APRIL 3, 2023]
(Fed. R. Civ. P. 65)

Mot. for TRO & Prelim. Inj.
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:23-cv-00058-SLG         Page 1

Case 3:23-cv-00058-SLG   Document 23   Filed 03/16/23   Page 1 of 5

Plaintiffs Sovereign Iñupiat for a Living Arctic, Alaska Wilderness League, Environment America, Northern Alaska Environmental Center, Sierra Club, and The Wilderness Society (collectively, "SILA") respectfully request a temporary restraining order (TRO) and preliminary injunction under Federal Rule of Civil Procedure 65 to prevent ConocoPhillips Alaska, Inc. (ConocoPhillips) from engaging in any construction activities conducted in reliance on the Bureau of Land Management's (BLM) final environmental impact statement and record of decision while this case is resolved. Specifically, SILA moves under Federal Rules of Civil Procedure 65(a) and 65(b) for a TRO and preliminary injunction to prevent Defendants from allowing ConocoPhillips from engaging in any ground-disturbing activities until this Court has adjudicated the merits of SILA's pending claims and any supplemental claims challenging the agency's authorizations.

Pursuant to Federal Rules of Civil Procedure 65(b)(1)(B), counsel for SILA provided a copy of the Complaint by email to Paul Turke and Rickey Turner in the Department of Justice Environmental and Natural Resources Division, who collectively represent Defendants, and to counsel for ConocoPhillips. Counsel for SILA sought Defendants' and Intervenor-Defendant's position on this motion; both oppose.

This motion is supported by a concurrently filed memorandum and declarations, together with the exhibits and other supporting materials attached to these filings. These declarations also demonstrate that SILA has standing.

Mot. for TRO & Prelim. Inj.
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:23-cv-00058-SLG        Page 2

Case 3:23-cv-00058-SLG   Document 23   Filed 03/16/23   Page 2 of 5

The standards for a temporary restraining order and preliminary injunction are essentially the same. Plaintiffs must establish: (1) likely success on the merits; (2) likely irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is of more limited duration than a preliminary injunction but may be extended once for an additional 14 days for good cause. Fed. R. Civ. P. 65(b)(2).

SILA meets the requirements for a temporary restraining order and preliminary injunction because: (1) SILA is likely to prevail on their claims that BLM failed to comply the National Environmental Policy Act, Naval Petroleum Reserves Production Act, and Alaska National Interest Lands Conservation Act by failing to consider a reasonable range of alternatives sufficient protect surface resources and mitigate impacts to subsistence uses and resources; (2) SILA demonstrated that their members' and supporters' uses and interests in the northeastern National Petroleum Reserve–Alaska (Reserve) will be irreparably harmed by gravel mining and road construction activities that are scheduled to begin imminently; (3) the balance of equities favors protecting the Reserve while the case is resolved; and (4) the public interest heavily favors protecting the Reserve from gravel mining and road construction while the court has the opportunity to review the agencies' deficient decisions. Given the immediate likelihood of irreparable

Mot. for TRO & Prelim. Inj.
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:23-cv-00058-SLG        Page 3

Case 3:23-cv-00058-SLG   Document 23   Filed 03/16/23   Page 3 of 5

harm from gravel mining and road construction, a TRO and preliminary injunction is necessary.

To safeguard the important public rights at issue in this case and because SILA meets the criteria for bond waiver, the Court should waive the bond requirement.

Respectfully submitted, this 16th day of March, 2023.

 s/ Bridget Psarianos
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs*

Mot. for TRO & Prelim. Inj.
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:23-cv-00058-SLG    Page 4

Case 3:23-cv-00058-SLG   Document 23   Filed 03/16/23   Page 4 of 5

## Certificate of Service

      I certify that on March 16, 2023, I caused a copy of the PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, DOCUMENT LIST, DECLARATIONS, EXHIBITS, and [PROPOSED] ORDER to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case.

      s/ Bridget Psarianos
      Bridget Psarianos

Mot. for TRO & Prelim. Inj.
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:23-cv-00058-SLG     Page 5

Case 3:23-cv-00058-SLG   Document 23   Filed 03/16/23   Page 5 of 5