TREG TAYLOR
ATTORNEY GENERAL

Mary Hunter Gramling
Alaska Bar No. 1011078
State of Alaska
Department of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: mary.gramling@alaska.gov

*Attorney for the State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.* | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| BUREAU OF LAND MANAGEMENT, *et al.*, | )<br>)<br>) |
| Defendants, | ) Case No. 3:23-cv-00058-SLG |
| and | )<br>) |
| CONOCOPHILLIPS ALASKA INC., *et al.* | )<br>)<br>) |
| Intervenor-Defendants | )<br>) |

**STATE OF ALASKA'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

Plaintiffs challenge the Bureau of Land Management's ("BLM") record of

decision ("ROD") on the Willow Master Development Plan ("MDP") and related federal

agency actions.[1] ECF No.1. The Willow MDP authorizes ConocoPhillips Alaska, Inc. ("ConocoPhillips") to construct and operate infrastructure necessary to allow production and transportation to market of oil and gas from ConocoPhillips' leases in the Bear Tooth Unit, commonly known as the Willow Project, in the National Petroleum Reserve in Alaska ("NPR-A"). The Willow MDP followed from years of robust environmental studies and public comment opportunities. To defend its paramount interests in the Willow MDP and development of the Willow Project, the State requests to intervene as a defendant.

This case could deprive the State of billions in much needed revenues to support rural communities and infrastructure necessary to maintain healthy communities and subsistence lifestyles. The State's intervention would aid the Court and the parties due to the State's unique role as a sovereign state, taxing authority, neighboring landowner, regulator, and cooperating agency in the review of the project. Intervention is proper because this motion is timely, the State has significant, protectable interests, no existing party can effectively represent the State's interests, and no party would be prejudiced by intervention.

## I. THE STATE IS ENTITLED TO INTERVENTION AS OF RIGHT.

Intervention of right under Rule 24(a)(2) involves application of a four-part test: 1) the motion must be timely; 2) the movant must claim a protectable interest relating to

---

[1] https://eplanning.blm.gov/public_projects/109410/200258032/20075029/250081211/2023%20Willow%20MDP%20Record%20of%20Decision.pdf

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 2 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 2 of 14

the property or transaction that is subject of the action; 3) the movant must show that the action may impair or impede the movant's ability to protect its interest; 4) the movant must not be represented adequately by the parties already involved in the action. *Wilderness Soc. v. U.S Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011)(*citing Sierra Club v. U. S. Envtl. Prot. Agency*, 995 F.2d 1478, 1481 (9th Cir. 1993), *abrogated on other grounds)*.

### A. The State's motion is timely.

The State has acted timely to participate in this litigation and seek intervention. This litigation is in its preliminary stages. Plaintiffs filed their Complaint on March 14, 2023, and the federal Defendants have not yet filed an answer. Plaintiffs filed a motion for preliminary injunction on March 16, 2023. ECF No. 23. The State will adhere to the Order on responses to that motion and make efforts to avoid duplication of arguments in briefings. ECF No. 32. Other parties recently intervened. ECF Nos. 39, 37, and 27.

The State was a cooperating agency in the decision challenged in this matter. The State intervened in prior challenges to the project so there is no element of surprise in the State's participation now. *Sovereign Iñupiat for a Living Arctic v. BLM*, No. 3:20-cv-00290, ECF No. 96, Order granting motion to intervene. Under these circumstances, intervention will neither prejudice any of the parties nor disrupt the orderly and timely determination of the issues in this case. Therefore, the State's motion to intervene is timely.

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 3 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 3 of 14

**B. The State has significantly protectable interests in this case.**

The State's interests are clear, weighty, and numerous. Courts are to accept as true non-conclusory allegations made in support of an intervention motion. *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). The State, as a movant, need only demonstrate a "significantly protectable interest." 630 F.3d at 1180. A movant intervenor has a sufficient interest for intervention purposes "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)). Plaintiffs seek to halt the development of the Willow Project in the NPR-A. The case poses a direct threat to the State's economic interests and participation as a sovereign in the federal system recognized under federal law governing the NPR-A.

Under the National Petroleum Reserves Production Act, 42 U.S.C. §§6501-6508, ("The Production Act"), the federal government is required to pay to the State fifty percent of the revenues received from the "sales, rentals, bonuses, and royalties on leases issued . . ." in the NPR-A. 42 U.S.C. § 6506a. In turn, the State is required in the allocation of the funds "to give priority to use by subdivisions of the State most directly or severely impacted by development of oil and gas leased under [the Production] Act." *Id*. The State implements that allocation through annual appropriations from the National Petroleum Reserve-Alaska special revenue fund established in AS 37.05.530. This fund is used to award grants, commonly known as the NPR-A Impact Grant Program, to communities to mitigate the impact of development and provide vital infrastructure to

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 4 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 4 of 14

these rural communities. ROD at 12. The State has awarded over $200 million in grants from the fund to communities. Willow MDP, Final Supplemental Environmental Impact Statement ("FSEIS"), Volume 1, 5.3.1 at 440[2]. The State is estimated to receive from $2 to $4 billion for the fund from the Willow Project leases. *Id.*

A state's economic interest in revenues from federal leases is sufficient to support standing and therefore the State meets the less searching standard for intervention. *Org. Village of Kake v. U.S. Dep't of Agric*, 795 F.3d 956, 963-64 (9th Cir. 2015); *Watt v. Energy Action Education Found.*, 454 U.S. 151, 161 (1981)(finding California's direct financial stake in federal lease revenues from oil and gas and status as a neighboring landowner supported standing).

The State as a sovereign has an interest in the terms under which it participates in the federal system that support intervention in this case. *See*, *Massachusetts v. U.S. EPA*, 549 U.S. 497, 520 (2007). The State has an interest in the Willow MDP and Willow Project due to the State's interests in the federal system that are repeatedly acknowledged in the Production Act. In addition to the mandate in the Production Act for payment to the State, the Production Act requires the federal government to consult with the State prior to any reduction or waiver of royalties or fees under the leases. 42 U.S.C. § 6506a(k). The Production Act recognizes the State's role as a neighboring landowner because the Production Act requires consultation with the State on management of units

---

[2] https://eplanning.blm.gov/public_projects/109410/200258032/20073121/250079303/Willow%20FSEIS_Vol%201_Ch%201-Ch%205.pdf

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 5 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 5 of 14

containing State land. 42 U.S.C. § 6506a(j). The Production Act mandates "an expeditious program of competitive leasing of oil and gas" in the NPR-A. 42 U.S.C. § 6506a(a). The State as a sovereign has interests in the Willow MDP and its implementation through the Production Act.

The State has committed substantial resources to review and comments on the Willow MDP as a cooperating agency. Ex. 1, State's comments on the draft FSEIS.[3] The FSEIS noted the State's authorities as a cooperating agency included the State's responsibilities for applications for permits, easements, and leases on state land and the state's regulatory responsibilities on air permits, water quality, spill prevention and responses, wastewater permits. FSEIS at 4. The State contributed as a cooperating agency its expertise on sociocultural issues, human health, wildlife management, subsistence, economic resources, off-road travel, water use, and ice road construction. *Id*.

The Willow Project will provide significant benefits to the State and the people of the State of Alaska. Exs. 1 & 2. The State as a sovereign has interests in promoting the health, safety, and welfare of its citizens. Moreover, the State has constitutional directive to assist local governments. Alaska Const. Art. X, §14. The State implements that directive in part through the NPR-A Impact Grant Program. The State as a taxing authority receives revenues from oil and gas production, property taxes, corporate income

---

[3]https://eplanning.blm.gov/public_projects/109410/200258032/20067213/250073395/State%20of%20Alaska%20consolidated%20comments%20on%20Willow%20MDP%20draft%20SEIS.pdf

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*            Page 6 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 6 of 14

taxes, and other revenues that follow from the business activities supporting oil and gas development. AS 43.55 (oil and gas production taxes); AS 43.56 (oil, gas, and pipeline property tax); AS 43.20 (corporate income tax); ROD at 12. The revenues from oil and gas development under the Willow MDP would bring billions in state and local taxes. ROD at 12. Plaintiffs' challenges in this case could result in the loss of those tax revenues for the State and municipalities. *See*, *Wyoming v. Oklahoma*, 502 U.S 437, 450 (1992)(granting standing to Wyoming due to an Oklahoma act that would impact coal severance tax revenues in Wyoming). The potential loss of billions in state and local tax revenues supports that the State has an interest in the case for intervention.

The State also has significant interests in this case as a landowner of neighboring lands to support intervention. At statehood, the framers of Alaska's Constitution determined that the people of Alaska have an interest in the development of the State's oil and gas resources. Alaska Const. Art. VIII, §1; AS 38.05.910. Development of the NPR-A assists the State in development of its resources because the Willow Project may generate investment interest and information on neighboring state lands, leading to additional royalty and taxes for the State. The Willow Project will also benefit existing transportation infrastructure of national importance because the oil from the Willow Project will increase throughput in the Trans Alaska Pipeline System (TAPS). Ex. 1. Increased throughput in TAPS assists operational capacity of pipeline, decreases tariff costs on the pipeline, and improves the economics for transportation of oil produced from state leases. Ex. 1. This case could have a chilling effect on the exploration and

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 7 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 7 of 14

development in the State and prevent, reduce, or delay the State's receipt of the many public benefits associated with this project.

### C. Absent intervention, the State's ability to protect its significant interests would be impaired.

The third element for intervention as a matter of right is that the action's disposition, as a practical matter, may impair or impede the intervenor's ability to protect its asserted interests. 630 F.3d at 1177. The question of impairment is not separate from the question of existence of an interest. See, e.g., *Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978). Plaintiffs' claims in this litigation seek to invalidate federal actions approving the Willow Project. The disposition of this case could imperil billions in vital state and local revenues and the vast array of public benefits that will follow from those revenues. The case may also impair or impede the State's interests as a neighboring landowner and regulator since many of the activities to support the Willow Project will require permits and other State authorizations. Thus, this case may impede essential State functions and the State's interest in the mitigation measures associated with the alternative selected in the ROD challenged. Ex. 1. The State was a cooperating agency for several reasons. The disposition of the case may impair or impede the State's significant economic and sovereign interests. The State clearly meets the third element for intervention on multiple fronts.

### D. The State's Interests Are Not Represented by the Existing Parties.

The fourth element of the test for intervention as of right is to show that the

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 8 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 8 of 14

proposed intervenor's interests will not be adequately protected by the existing parties. The burden under this prong is "minimal"; meaning a party seeking to intervene need only show that representation of its interest "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The Ninth Circuit considers numerous factors to determine whether the applicant for intervention's interests will be adequately represented by an existing party, including: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).

Although the applicant for intervention bears the burden of demonstrating that the existing parties may not adequately represent its interest, it is sufficient for applicants to show that, because of the difference in their interests, it is likely that the parties will not advance the same arguments as would the proposed intervenor. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823. The objectives and interests of the State are not identical to those of any existing party to this action. While the federal Defendants, Intervenor-Defendant ConocoPhillips, Intervenor-Defendant the North Slope Borough, Intervenor-Defendant Arctic Regional Slope Corporation (ASRC), and Intervenor-Defendant Kuukpik Corporation have interests to defend the Willow MDP, parties' specific interests are not the same and no other party can advance the same arguments as the State.

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 9 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 9 of 14

While BLM is required to consider public interest factors as part of its decision-making process, BLM's arguments or litigation focus may not necessarily align with the interests of the State as a representative of its own interests and those of its citizens. For example, the State has a unique sovereign interest in encouraging the development of natural resources within the State. Alaska Const., Art. VIII, §§ 1, 2. As oil and gas revenues are a major revenue source for the State, the State's economic interest in the Willow Project is far greater relatively than economic interests of the federal Defendants. More importantly, the State cannot rely on the federal Defendants to advance the same arguments that the State would make. The differing policy values and relative economic interests may mean that the federal Defendants may not advocate as zealously in defense of the Willow MDP as the State would wish. Additionally, the State has been a party to other cases where the federal government defendants have flipped positions mid-litigation or failed to defend at all. *Friends of Alaska National Wildlife Refuge v. Haaland*, No. 20-35721, ECF No. 144 (purporting to unilaterally withdraw from a land exchange previously defended during en banc review); *Organized Village of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 963 (9th Cir. 2015).

ConocoPhillips seeks to defend its property and economic interests in the Willow Project, but such interests are inherently distinct from those of the State. ConocoPhillips is a private corporation serving the interests of its shareholders. *See Earthworks v. U.S. Dep't of Interior*, 2010 WL 3063143, *2 (D.D.C. 2010) ("Alaska's interests in the natural resources within state borders and the economic effects on the state of mining regulation

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 10 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 10 of 14

are not necessarily represented by federal agencies or private companies"). The State serves the broader interests of the residents of the State as a sovereign landowner in the development of natural resources. Alaska Const., Art. VIII, § 1.

The North Slope Borough interests are largely from payments from the State from the NPR-A Impact Grant Program, municipal property taxes, and its responsibility regarding public health, safety, welfare of their residents and economic stability within the borough. These interests are distinct from the State's interest which serves and balances the broader interests of the residents of the State as a whole instead of only one specific area of Alaska. Additionally, the State manages the NPR-A Impact Grant Program and the oil, gas, and pipeline property taxes under AS 43.56 are first assessed by the State. The State has broader roles as a taxing authority, landowner, and regulator than the Borough as a subdivision of the State can possess. The State's intervention in this case would bring its expertise and public interests as a sovereign state that no other party could bring.

Similarly, ASRC and Kuukpik Corporation have interests differing from the State. ASRC and Kuukpik Corporation represented interests largely derive from the Alaska Native corporate structure established by the Alaska Native Claims Settlement Act and their obligations to and interests in improving the wellbeing of their respective shareholders. Thus, representation of the State's interest by any other party to this litigation would be inadequate, and intervention should be granted.

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 11 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG   Document 41-1   Filed 03/23/23   Page 11 of 14

## II. ALTERNATIVELY, THE STATE SATISFIES THE REQUIREMENTS FOR PERMISSIVE INTERVENTION.

The State believes it is entitled to intervene in this case as of right. However, should the Court determine otherwise, the State should be permitted to intervene under Fed. R. Civ. P. 24(b)(2). All that is necessary for permissive intervention is that intervenor's "claim or defense…shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Rule 24(b) plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940).

The State, by virtue of its statutory and constitutional responsibilities described above, holds claims and defenses in common with questions of law and fact raised by Plaintiffs' complaint. Rule 24(b) also requires the court to consider whether permissive intervention would cause undue delay or would prejudice adjudication of the rights of the original parties. As noted above, the State's motion is timely and will not delay or prejudice the schedules established in the case.

## III. CONCLUSION

The State's intervention will benefit the Court in considering the public interests at stake. Given its timely motion and the magnitude of public interests of State in defense of the Willow MPD, the State requests the Court grant it leave to intervene in this case as a matter of right, or, in the alternative, permissive intervention.

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 12 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 12 of 14

DATED: March 23, 2020.

                TREG TAYLOR
                ATTORNEY GENERAL

By:   */s/ Mary Hunter Gramling*
       Mary Hunter Gramling
       Alaska Bar No. 1011078
       State of Alaska
       Department of Law
       P.O. Box 110300
       Juneau, AK 99811-0300
       Telephone: (907) 465-3600
       Facsimile: (907) 465-2520
       Email: mary.gramling@alaska.gov

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*    Page 13 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 13 of 14

# CERTIFICATE OF COMPLIANCE

This document contains 30584 words, excluding the items exempted by Local Civil Rule 7.4(a)(4). Counsel relies on the word count of the computer program used to prepare this brief. This document complies with the word limit of Local Civil Rule 7.4(2).

    DATED: March 23, 2020.

                      TREG TAYLOR
                      ATTORNEY GENERAL

                      By:    */s/ Mary Hunter Gramling*
                              Mary Hunter Gramling

# CERTIFICATE OF COMPLIANCE

I hereby certify that on the 23rd day of March 2023, I filed a true and correct copy of the foregoing and accompanying documents with the Clerk of the Court for the United District Court – District of Alaska by using the CM/ECF system. Participants in this Case No. 3:23-cv-00058-SLG who are registered CM/ECF users will be served electronically by the CM/ECF system.

    DATED: March 23, 2020.

                      TREG TAYLOR
                      ATTORNEY GENERAL

                      By:    */s/ Mary Hunter Gramling*
                              Mary Hunter Gramling

*Sovereign Iñupiat for a Living Arctic v. BLM, et al.*     Page 14 of 14
Case No. 3:23-cv-00058-SLG
State of Alaska's Memorandum in Support of Motion to Intervene
Case 3:23-cv-00058-SLG    Document 41-1    Filed 03/23/23    Page 14 of 14