TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

RICKEY D. TURNER, JR. (CO Bar No. 38353)
Senior Attorney
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1373
rickey.turner@usdoj.gov

PAUL A. TURCKE (ID Bar No. 4759)
Trial Attorney
Natural Resources Section
c/o U.S. Attorney's Office
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>BUREAU OF LAND MANAGEMENT, et al., <br><br>　　　　Defendants, <br>　and <br><br>CONOCOPHILLIPS ALASKA, INC., et al., <br><br>　　　　Intervenor-Defendants. | Case No. 3:23-cv-00058-SLG |

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*　　　Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING　　　　　　　　　　　　　　　　　　　　　1

Case 3:23-cv-00058-SLG　Document 86　Filed 06/02/23　Page 1 of 7

# JOINT MOTION TO ADDRESS SCHEDULING

As noted in Defendants' Unopposed Motion for Extension (ECF No. 83), the parties have continued to confer and have now reached an agreement on a schedule for administrative records (AR) review, briefing, and a decision on the merits. Counsel for all parties now therefore jointly move the Court to establish the following additional deadlines in this matter and in the related case No. 3:23-cv-00061-SLG:

Defendants file and serve the AR: June 29, 2023.

Plaintiffs identify concerns regarding sufficiency of the AR: July 7, 2023.

Defendants respond to AR concerns or supplement AR: July 14, 2023.

Plaintiffs file opening brief: July 26, 2023.

Defendants file response brief: August 23, 2023.

Intervenor-Defendants file response briefs: August 30, 2023.

Plaintiffs file reply brief: September 15, 2023.

Defendants note that this schedule modifies the previously ordered date for AR filing, *see* ECF No. 84, as noted in the proposed order submitted herewith.

The parties agree that Plaintiffs' opening brief should be treated as a motion for summary judgment for purposes of the page/word limits in Local Civil Rule 7.4. The parties further agree that Defendants and each Intervenor-Defendant shall be allowed to file a combined response brief that addresses the claims in this case and the related case No. 3:23-cv-00061-SLG. The parties will not oppose a reasonable request to file an overlength brief as may be necessary in responding (or replying) to briefs from multiple parties. The parties further advise of their mutual interest in maintaining a schedule that

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*  Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING  2

Case 3:23-cv-00058-SLG   Document 86   Filed 06/02/23   Page 2 of 7

allows a decision (with reasonable time for injunction requests pending appeal, if necessary) before the 2023/2024 winter work season, and respectfully request that the Court enter a ruling by November 10, 2023. The above-detailed schedule represents the parties' best efforts toward that end given Defendants' constraints in producing the AR any earlier than June 29, 2023. Defendants agree to provide Plaintiffs prompt notice of applications for permits to drill submitted by ConocoPhillips Alaska, Inc. or Defendants' issuances of any further authorizations to proceed with ground-disturbing activities for the 2023/2024 winter work season.

The parties have conferred and disagree on whether and when the potential remedy should be briefed. The parties' respective positions are as follows.

Plaintiffs' position is that remedy briefing can be addressed simultaneously with the merits and note that Local Civil Rule 16.3 does not provide for separate remedy briefing. Plaintiffs also believe that, given the timeline by which all parties seek a decision and the looming threat of the 2023/2024 winter work season, a separate round of briefing on remedy will further delay the case and may prejudice the Plaintiffs. Plaintiffs further contend that vacatur is the default, presumptive remedy under the Administrative Procedure Act for an unlawful agency action and that any lesser remedy, such as remand without vacatur, is only permissible in "limited" circumstances. *Nat'l Family Farm Coal. v. EPA*, 960 F.3d 1120, 1144(9th Cir. 2020); *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015); *see also California v. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1179 (N.D. Cal. 2019) (denying request for separate remedy briefing where parties could have addressed vacatur in their summary judgment briefs and

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*     Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING     3

Case 3:23-cv-00058-SLG Document 86 Filed 06/02/23 Page 3 of 7

additional briefing would cause further delay).

Defendants and Intervenor-Defendants request a Court order stating that remedy briefing, if necessary, will occur *after* the Court issues a ruling on the merits, on an expedited basis if timing so dictates. Whether an unlawful agency action should be vacated depends on "how serious the agency's errors are 'and the disruptive consequences of an interim change that may itself be changed.'" *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012) (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)). Defendants and Intervenor-Defendants contend that it is therefore difficult to address remedy in the liability phase of proceedings because evaluation of the seriousness of any agency error will be informed by the Court's ruling on the merits. Intervenor-Defendants further observe that the contested project has already begun construction and its proponent will have invested hundreds of millions more dollars by Fall 2023. Consequently, determining the disruptive consequences of vacatur (if necessary) will be potentially complicated and dependent upon facts that will change between August 2023 and November 2023. In such circumstances, the Alaska District Court has in the past invited remedy briefing after a merits ruling, and has inherent authority to do so. *See, e.g.*, *Kunaknana v. U.S. Army Corps of Engineers*, No. 13-cv-00044, 2014 WL 12813625 (D. Alaska July 22, 2014); *Cook Inletkeeper v. Raimondo*, 541 F. Supp. 3d 987 (D. Alaska 2021).

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*  Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING                                                    4

Case 3:23-cv-00058-SLG   Document 86   Filed 06/02/23   Page 4 of 7

Respectfully submitted,

DATED: June 2, 2023.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

RICKEY D. TURNER, JR., Senior Attorney
Wildlife & Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1373
rickey.turner@usdoj.gov

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor, Alaska Region
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

s/ Bridget Psarianos  (consent)
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs Sovereign Iñupiat for a Living Arctic et al.*

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*   Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING   5

Case 3:23-cv-00058-SLG   Document 86   Filed 06/02/23   Page 5 of 7

STOEL RIVES LLP

By: */s/ Ryan P. Steen* (consent)
Ryan P. Steen (Bar No. 0912084)
Jason T. Morgan (Bar No. 1602010)
Whitney A. Brown (Bar No. 1906063)

*Attorneys for Intervenor-Defendant
ConocoPhillips Alaska, Inc.*

PERKINS COIE LLP

By: *s/ Stacey Bosshardt* (consent)
Stacey Bosshardt (*Pro Hac Vice*)
SBosshardt@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

Eric B. Fjelstad (Bar No. 9505020)
EFjelstad@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561

*Attorneys for Intervenor-Defendant
Arctic Slope Regional Corporation*

/s/ *Tyson Kade* (consent)
Tyson C. Kade, D.C. Bar # 1018014
  *Pro Hac Vice*
Jonathan D. Simon, Bar # 0911069
Melinda L. Meade Meyers, Bar # 2006053
VAN NESS FELDMAN, LLP
1050 Thomas Jefferson Street, NW
Washington, DC 20007
Tel.: 202.298.1800
Fax: 202.338.2416
Email: tck@vnf.com
       jxs@vnf.com
       mmm@vnf.com

Charlene Koski, Washington State Bar # 43178
  *Pro Hac Vice*

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*     Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING                                                        6

Case 3:23-cv-00058-SLG   Document 86   Filed 06/02/23   Page 6 of 7

VAN NESS FELDMAN, LLP
1191 Second Avenue, Suite 1800
Seattle, WA 98101
Tel.: 206.623.9372
Email: cbk@vnf.com

*Counsel for Intervenor-Defendant North Slope Borough*

CHANDLER, FALCONER, MUNSON & CACCIOLA, LLP

By: /s/ Patrick W. Munson  (consent)
    Patrick W. Munson
    AK Bar No. 1205019

    Charles A. Cacciola
    AK Bar No. 1306045

*Attorneys for Intervenor-Defendant Kuukpik Corporation*

TREG TAYLOR
ATTORNEY GENERAL

By: */s/ Mary Hunter Gramling* (consent)
    Mary Hunter Gramling
    Alaska Bar No. 1011078
    State of Alaska
    Department of Law
    P.O. Box 110300
    Juneau, AK 99811-0300
    Telephone: (907) 465-3600
    Facsimile: (907) 465-2520
    Email: mary.gramling@alaska.gov

*Attorney for Intervenor-Defendant the State of Alaska*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

    /s/ Paul A. Turcke
    Paul A. Turcke

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*  Nos. 3:23-cv-00058-SLG
JOINT MOTION TO ADDRESS SCHEDULING  7

Case 3:23-cv-00058-SLG   Document 86   Filed 06/02/23   Page 7 of 7