Rebecca L. Davis (*pro hac vice* pending)
rebecca@lozeaudrury.com
Brian B. Flynn (*pro hac vice* pending)
brian@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200

*Attorneys for Amicus Curiae Patagonia, Inc.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants, <br><br> and <br><br> CONOCOPHILLIPS ALASKA, INC., *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:23-cv-00058-SLG |

**PATAGONIA, INC.'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

DISCUSSION .................................................................................................................. 2

      I.       Patagonia has an Interest in this Case ........................................................... 2

      II.     Patagonia's Amicus Brief Raises Issues Relevant to the Case and Would Benefit the Court ............................................................................................ 2

CONCLUSION ................................................................................................................ 4

DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 ............................................. 5

CERTIFICATE OF SERVICE ........................................................................................ 5

# INTRODUCTION

Proposed amicus curiae Patagonia, Inc. (Patagonia) hereby moves this Court for leave to file the attached amicus brief in support of Plaintiffs' Motion for Summary Judgment. Although the District of Alaska's Local Civil Rules and the Federal Rules of Civil Procedure do not address the process for filing amicus briefs in a district court, courts have looked to Federal Rule of Appellate Procedure 29 for guidance.[1] Under Appellate Rule 29(a), leave to file an amicus brief may be granted where: (1) the amicus curiae has an interest in the litigation; (2) the amicus brief would be beneficial to the court; and (3) the amicus brief raises issues relevant to the case.[2] As discussed below, Patagonia satisfies each of those factors and respectfully requests that this Court grant leave to file the attached amicus brief.[3]

Counsel for Patagonia contacted counsel for all parties prior to filing this motion to request their consent. Plaintiffs do not oppose this motion. The Federal Defendants and Intervenor Defendant Kuukpik Corporation take "no position" on this motion. Intervenor-Defendant ConocoPhillips "reserves its position on the motion for leave to file an amicus brief and will respond to the motion after it is filed." Intervenor-Defendant North Slope Borough "reserves its position on the motion for leave to file an amicus brief and reserves

---

[1] *See, e.g.*, *Alaska Dept. of Fish & Game v. Fed. Subsistence Bd.*, 2021 WL 6926426 at *1 (D. Alaska August 24, 2021).
[2] *Id*. (citing Fed. R. App. P. 29(a)(3)).
[3] Patagonia's amicus brief complies with the timing and length requirements of Appellate Rule 29. *See* Fed. R. App. P. 29(a)(5) (amicus brief may be no more than one-half the maximum length allowed for a party's principal brief); Fed. R. App. P. 29(a)(6) (amicus brief must be filed no later than seven days after the principal brief of the party being supported).

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG    1
Case 3:23-cv-00058-SLG   Document 104   Filed 07/26/23   Page 3 of 7

its right to file a response to the motion after it is filed." Intervenor-Defendant State of Alaska "reserves its response and will reply to the motion." Intervenor-Defendant Arctic Slope Regional Corporation takes no position on the motion.

## DISCUSSION

**I.      Patagonia Has an Interest in this Case.**

Proposed amicus curiae Patagonia produces outdoor apparel, footwear, and equipment to help people access and enjoy the world's wild places. Patagonia is in business to support its customers' passion to explore, recreate in, and preserve the great outdoors. As climate change destroys natural resources, erodes coast lines, exacerbates air pollution, and wreaks havoc on our water, Patagonia's customers may be prevented from engaging in the many outdoor activities—hiking, camping, climbing, skiing, running, cycling, boating, hunting, and fishing—that they love. Put simply, soaring temperatures, extreme weather events, reduced winter snowpack, smoke-filled skies from wildfires, degraded rivers and lakes, and diminished wildlife populations will reduce access to outdoor recreation opportunities, which will in turn impact demand for the goods and services the outdoor recreation industry provides. Patagonia, therefore, has a direct economic interest in BLM's decision to approve the Willow Master Development Plan (Willow), which will significantly contribute to the existing climate crisis.

**II.     Patagonia's Amicus Brief Raises Issues Relevant to the Case and Would Benefit the Court.**

The outdoor recreation economy plays a vital role in the economic and physical health of the United States. Each year Americans spend hundreds of billions of dollars

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                                                                        2
Case 3:23-cv-00058-SLG   Document 104   Filed 07/26/23   Page 4 of 7

exploring the outdoors in myriad ways—hiking, backpacking, camping, mountaineering, rock climbing, hunting, fishing, canoeing, kayaking, rafting, sailing, running, horseback riding, cycling, downhill skiing, cross-country skiing, snowboarding, snorkeling, scuba diving, and surfing, to name a few. These activities generate $862 billion in consumer spending[4] through spending on outdoor recreation products (such as gear, apparel, footwear, equipment, services and vehicle purchases) and on trips and travel (airfare, fuel, lodging, groceries, lift tickets, guides, and lessons).[5] In 2021, outdoor recreation contributed $454 billion (1.9%) to the nation's GDP, which is more than motor vehicle manufacturing, oil/gas/coal, and air transportation *combined*.[6]

The climate crisis threatens to disrupt the foundation upon which the outdoor recreation economy is built. Yet, the interests of amicus Patagonia and other similarly situated in the outdoor recreation economy are often overlooked in discussions of climate change broadly and oil and gas extraction specifically. These interests (and their undeniable economic and social benefits) cannot continue to thrive unless climate change is taken seriously and government agencies, such as BLM, ensure that the climate impacts of their decisions are properly disclosed, and where possible, mitigated.

---

[4] Outdoor Industry Association, *State of the Outdoor Market Fall 2022* (2002), 1, https://outdoorindustry.org/wp-content/uploads/2022/12/OIA-State-of-the-Outdoor-Market-Report-Fall-2022.pdf.
[5] Outdoor Industry Association, *The Outdoor Recreation Economy* (2017), 5, https://outdoorindustry.org/wp-content/uploads/2017/04/OIA_RecEconomy_FINAL_Single.pdf.
[6] Headwater Economics, *The Outdoor Recreation Economy by State* (Updated March 2023), https://headwaterseconomics.org/economic-development/trends-performance/outdoor-recreation-economy-by-state.

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG

3

Patagonia's amicus brief provides the Court with the unique perspective of the thousands of U.S. businesses that depend on a stable climate and a thriving planet.

## CONCLUSION

For the foregoing reasons, Patagonia respectfully requests that the Court grant leave to file the accompanying amicus curiae brief in support of Plaintiffs' Motion for Summary Judgment.

Dated: July 26, 2023	Respectfully submitted,

/s/ *Rebecca L. Davis*
Rebecca L. Davis (*pro hac vice* pending)
rebecca@lozeaudrury.com
Brian B. Flynn (*pro hac vice* pending)
brian@lozeaudrury.com
LOZEAU DRURY LLP
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200

*Attorneys for Amicus Curiae Patagonia, Inc.*

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG	4
Case 3:23-cv-00058-SLG   Document 104   Filed 07/26/23   Page 6 of 7

## DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1

Patagonia, Inc. is a private benefit corporation organized under the laws of California and headquartered in Ventura, California. Patagonia, Inc. has no parent company; no publicly held company has a 10% or greater ownership interest in Patagonia, Inc.; and Patagonia, Inc. does not have any members who have issued shares or debt securities to the public.

/s/ Rebecca L. Davis
Rebecca L. Davis

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, I caused a copy of the foregoing was served by electronic means on all counsel of record by the County's CM/ECF system.

/s/ Rebecca L. Davis
Rebecca L. Davis

*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG

5

Case 3:23-cv-00058-SLG   Document 104   Filed 07/26/23   Page 7 of 7