Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Whitney A. Brown (Bar No. 1906063)
whitney.brown@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920

Attorneys for Intervenor-Defendant
ConocoPhillips Alaska, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>　　　　Defendants,<br>　and<br>CONOCOPHILLIPS ALASKA, INC., et al.,<br><br>　　　　Intervenor-Defendants. | Case No.: 3:23-cv-00058-SLG |
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>　　　　Defendants,<br>　and<br>CONOCOPHILLIPS ALASKA, INC., et al.,<br><br>　　　　Intervenor-Defendants. | Case No. 3:23-cv-00061-SLG |

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.*, Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.*, Case No. 3:23-cv-00061-SLG

# CONOCOPHILLIPS ALASKA, INC.'S RESPONSE TO MOTION FOR LEAVE TO FILE PROPOSED AMICUS CURIAE BRIEF BY UNITED NATIONS SPECIAL RAPPORTEURS

## I. INTRODUCTION

"An amicus curiae is not a party to litigation" and its role is to "draw[] the court's attention to law that escaped consideration."[1] An amicus curiae is generally "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another."[2] As explained below, ConocoPhillips Alaska, Inc. ("ConocoPhillips") opposes the motion for leave to submit an amicus brief filed by the United Nations Special Rapporteurs (the "Rapporteurs") because the brief was authored and signed by Senior Counsel for the Center Biological Diversity ("CBD").[3]

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

---

[1] *Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982).

[2] *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

[3] The Rapporteurs' motion was incorrectly filed as "unopposed." Before filing the motion, counsel for the Rapporteurs was notified that ConocoPhillips reserved its position on the motion and would respond when the motion was filed, which is noted in the body of the Rapporteurs' motion under a section oddly titled "Consent of the Parties." The Rapporteurs' motion does not have the consent of all parties.

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.* - Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.* – Case No. 3:23-cv-00061-SLG

1

## II. LEGAL STANDARD

The District of Alaska's Local Civil Rules and the Federal Rules of Civil Procedure do not address how amicus briefs should be filed in district court. Accordingly, this Court looks to Federal Rule of Appellate Procedure ("FRAP") 29 for guidance.[4] Under FRAP 29(a)(4)(E), in addition to disclosing its identity and interest in the case, the proposed amicus must disclose whether:

> (i) a party's counsel authored the brief in whole or in part;
>
> (ii) a party or a party's counsel contributed money that was intended to fund preparing or submitting the brief; and
>
> (iii) a person—other than the amicus curiae, its members, or its counsel—contributed money that was intended to fund preparing or submitting the brief and, if so, identifies each such person.

The Court has broad discretion to accept or reject amicus curiae briefs.[5]

## III. ARGUMENT

ConocoPhillips opposes the Rapporteurs' motion. The motion fails to disclose the important and relevant fact that the Rapporteurs' proposed brief was drafted by an attorney for CBD. Specifically, William J. Snape III is listed on CBD's website as "Senior Counsel" for the organization, which states that he "coordinates the Center's

---

[4] *Dep't of Fish & Game v. Fed. Subsistence Bd.*, No. 3:20-CV-00195-SLG, 2021 WL 6926426, at *1 (D. Alaska Aug. 24, 2021); *see also United States v. Pleier*, 849 F. Supp. 1321, 1334 (D. Alaska 1994).

[5] *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.* - Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.* – Case No. 3:23-cv-00061-SLG

2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900  Fax 206.386.7500

120396273.2 0028116-00168

legal and policy work from Washington, D.C."[6] Although Mr. Snape filed the Rapporteurs' motion only in the SILA case, it certainly is not lost on Mr. Snape that his organization, CBD, has a related case challenging the Willow project that is proceeding on a combined briefing schedule with the SILA case.[7] And yet, Mr. Snape discloses only that he is a professor at American University, failing to make any mention of the fact that he is Senior Counsel for CBD (or, at a minimum, that CBD publicly claims he holds that position).

The Rapporteurs' motion therefore fails to disclose whether "a party's counsel authored the brief in whole or in part," as provided by FRAP 29(a)(4). That requirement serves an important purpose, as recognized by the drafters of the Rule:

> The disclosure requirement, which is modeled on Supreme Court Rule 37.6, serves to deter counsel from using an amicus brief to circumvent page limits on the parties' briefs. *See Glassroth v. Moore*, 347 F.3d 916, 919 (11th Cir. 2003) (noting the majority's suspicion "that amicus briefs are often used as a means of evading the page limitations on a party's briefs").[8]

---

[6] Center for Biological Diversity, Staff, William Snape III, Senior Counsel, https://www.biologicaldiversity.org/about/staff/ (last visited 7/27/23). Mr. Snape's co-counsel, Professor David Hunter, is a former member of the Board of Directors of Greenpeace, another plaintiff in the Willow litigation.

[7] *See* CBD's Notice of Related Cases, Case No. 3:23-cv-00061, Dkt. 5 (Mar. 15, 2023). Both the motion and proposed brief filed by Mr. Snape contain a joint caption listing the SILA and CBD cases.

[8] Fed. R. App. P. 29 advisory committee's note to 2010 amendment.

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.* - Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.* – Case No. 3:23-cv-00061-SLG

3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

120396273.2 0028116-00168

Indeed, courts have denied motions for leave to file an amicus brief for failure to comply with the certification requirements of FRAP 29.[9] Moreover, "[w]hen the party seeking to appear as amicus curiae is perceived to be an interested party or to be an advocate of one of the parties to the litigation, leave to appear amicus curiae should be denied."[10]

This Court should therefore deny the Rapporteurs' motion for leave to file an amicus brief. The brief is authored by counsel for a party to this litigation and, as such, can be fairly assumed—in the absence of any candid disclosures from Mr. Snape—to be an attempt by CBD to present additional arguments that it believes supports its summary judgment arguments.[11]

## IV. CONCLUSION

ConocoPhillips respectfully requests that the Court deny the Rapporteurs' motion for leave to file a proposed amicus curiae brief, for the reasons stated above.

DATED: July 28, 2023.

STOEL RIVES LLP

By: /s/ Ryan P. Steen
Ryan P. Steen (Bar No. 0912084)
Jason T. Morgan (Bar No. 1602010)
Whitney A. Brown (Bar No. 1906063)

*Attorneys for Intervenor-Defendant ConocoPhillips Alaska, Inc.*

---

[9] *See Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 451 n.1 (6th Cir. 2012) (citing former FRAP 29(c)(5)); *In re Grand Jury Witness*, 695 F.2d 359, 363 n.7 (9th Cir. 1982) (proposed amicus failed to identify his interest in the case).

[10] *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 82 (D.N.J. 1993).

[11] *See United States v. Microsoft Corp.*, No. C15-102RSM, 2016 WL 11782815 (W.D. Wash. Nov. 14, 2016) (denying amici motions, explaining the briefs showed a "'divide-and-conquer strategy that implies some coordination among the filers").

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.* - Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.* – Case No. 3:23-cv-00061-SLG
4

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900  Fax 206.386.7500

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in Case No. 3:23-cv-00058-SLG who are registered CM/ECF users will be served by the CM/ECF system.

                                          */s/ Ryan P. Steen*
                                          Ryan P. Steen

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900   Fax 206.386.7500*

*Sovereign Iñupiat for a Living Arctic, et al. v. BLM et al.* - Case No. 3:23-cv-00058-SLG
*Center for Biological Diversity, et al. v. BLM et al.* – Case No. 3:23-cv-00061-SLG

5