Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org

Attorneys for Plaintiffs

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants, <br><br> and <br><br> CONOCOPHILLIPS ALASKA, INC, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:23-cv-00058-SLG |

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG        Page 1 of 8

# PLAINTIFFS' MOTION TO STRIKE

Plaintiffs Sovereign Iñupiat for a Living Arctic et al. (collectively SILA) move to strike portions of Intervenor-Defendants ConocoPhillips Alaska, Inc.'s (ConocoPhillips) and North Slope Borough's (Borough) Briefs in Opposition to Plaintiffs' Motion for Summary Judgment (ECF Nos. 141, 143) that rely on extra-record evidence and the parties' extra-record declarations and materials. Specifically, SILA asks the Court to strike the content relying on this extra-record material on pages 31–33 of the Borough's brief and pages 39–40 and 47–50 of ConocoPhillips' brief and associated citations, as well as these underlying documents: Decl. of Anne E. Smith, Ph.D. (Smith Decl.) & Curriculum Vitae, ECF Nos. 141-3 & 141-4; ConocoPhillips' Addendum, Letter from Robert J. Meyers, Principal Deputy Assistant Administrator, Office of Air and Radiation re: Endangered Species Act and GHG Emitting Activities (Oct. 3, 2008), ECF No. 141-1 at 17–25; Decl. of Tyson C. Kade & attached Exhibits A–C, ECF No. 143-1.[1]

SILA's claims challenging the U.S. Fish and Wildlife Service's (FWS) issuance of an unlawful biological opinion are brought pursuant to the Administrative Procedure Act (APA). *See* First Amended Complaint for Declaratory and Injunctive Relief ¶ 11, 191–96, ECF No. 88 (Complaint). Accordingly, this matter will be resolved based on the administrative record before the agency at the time of the agency's decision. 5 U.S.C. §

---

[1] Citations to pleadings, motions, and documents previously filed are to the page number assigned by the CM/ECF System.

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                            Page 2 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 2 of 8

706; *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see generally Rybachek v. U.S. EPA*, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990) ("Judicial review of agency actions should generally be confined to the original record upon which the actions were based.").

ConocoPhillips and the Borough collectively submitted one extra-record declaration, one memorandum, and two letters without moving to supplement the record with this evidence or explaining why the materials fall within an exception to the record rule. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014) (party seeking admission of extra-record evidence bears burden of establishing exception applies). The Ninth Circuit recognizes four "narrow" exceptions to the administrative record rule, none of which apply here:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."

*Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). These exceptions are "narrowly construed and applied." *Id.* ConocoPhillips and the Borough have not even attempted to demonstrate that their documents meet these exceptions, and none of the exceptions apply.

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                          Page 3 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 3 of 8

In their briefs, ConocoPhillips and the Borough rely on the Smith declaration, agency letters, and memorandum to support their arguments concerning FWS's failure to engage in Endangered Species Act (ESA) Section 7 consultation on greenhouse gas emissions resulting from the Willow Master Development Plan (Willow). Both ConocoPhillips and the Borough rely on these extra-record agency documents to argue that FWS's decision was reasonable and consistent with agency practice. ECF No. 141 at 39–40; ECF No. 143 at 31–33. These arguments go to the merits of SILA's claims and the agency's defenses. *See* SILA Opening Br., ECF No. 105 at 34–39; Defs.' Mem. in Opp'n to Pls.' Mots. for Summ. J., ECF No. 137 at 50–56. The parties' reliance on these documents to support FWS's decision is improper because an agency's decision cannot be supported by extra-record information, unless covered by an exception to the record rule. *See San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 992–93.

ConocoPhillips purportedly only relies on the Smith declaration to assert SILA lacks standing. ECF No. 141 at 47 n.164 (citing Smith Decl. at ¶ 9). ConocoPhillips' claim that it may submit the Smith declaration to rebut SILA's standing should be rejected for three reasons. ECF No. 141 at 47 n.164. First, SILA's ESA claims challenging FWS's biological opinion as arbitrary and capricious are procedural. Complaint at 191–96. As such, courts assess injury in fact for standing purposes by focusing on whether the violated procedures are intended to protect a threatened interest of plaintiffs. *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 816–17 (9th Cir.

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                                                 Page 4 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 4 of 8

2017). ConocoPhillips relies on its extra-record declaration to assert SILA's GHG consultation claim lacks causality because SILA cannot connect Willow's emissions to polar bear impacts. ECF No. 141 at 48–49. Because SILA alleges a procedural injury, however, SILA is not required to demonstrate that Willow's greenhouse gas emissions definitively cause harm to polar bears. *Barnum Timber Co. v. U.S. EPA*, 633 F.3d 894, 901 (9th Cir 2011) (stating plaintiffs do not have to show agency is "sole source" of injury). Nor does SILA have to show that, if FWS had considered greenhouse gas emissions, it would have changed the outcome of consultation, further undercutting the submission of the Smith declaration. *Mattis*, 868 F.3d at 817–18 (9th Cir. 2017) (explaining that for causation for procedural injury, courts focus on the process and not the substantive result).

Second, ConocoPhillips' submission of the Smith declaration is a veiled attempt to improperly bolster the merits of FWS's decision, which is inappropriate under the APA's record rule. Parties "may not smuggle in extra-record evidence relevant to the merits of this APA action by contending that the evidence pertains to standing." *Hispanic Affairs Project v. Acosta*, 263 F. Supp. 3d 160, 176 (D.D.C. 2017); *Children's Hosp. Ass'n of Tex. v. Azar*, 300 F. Supp. 3d 190, 203 n.2 (D.D.C. 2018); *see also Watersheds Project v. Salazar*, 766 F. Supp. 2d 1095, 1104 (D. Mont. 2011).

Third, the well-founded principle that parties challenging government action may establish standing in administrative record cases by filing declarations does not entitle

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                           Page 5 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 5 of 8

opposing parties to file opposing declarations and evidence. *Cent. Sierra Envtl. Res. Ctr. v. U.S. Forest Serv.*, 916 F. Supp. 2d 1078, 1086 (E.D. Cal. 2013) ("In an action under the APA, the court generally may review only the administrative record, 5 U.S.C. § 706(2)(F), but it may consider extra-record evidence that allows *plaintiffs to establish standing*." (emphasis added)); *Wildearth Guardians v. U.S. Forest Serv.*, 2021 U.S. Dist. LEXIS 172371, at *18 (E.D. Wash. Sep. 10, 2021) (rejecting defendant's extra-record declarations submitted to rebut plaintiffs' standing in case alleging procedural injury).[2] *Washington Environmental Council v. Bellon* does not support ConocoPhillips' submission of the extra-record declaration in this case. 732 F.3d 1131 (9th Cir. 2013). In that case, plaintiffs raised a substantive challenge seeking enforcement of the Clean Air Act and did not challenge submission of an extra-record declaration regarding the causation of their claimed substantive injuries. *Id*. at 1137, 1143–44.

      The court should strike these extra-record documents and portions of ConocoPhillips' and the Boroughs' briefs that cite to and offer arguments in reliance on these documents. *See, e.g.*, *Rybachek*, 904 F.2d at 1296 n.25 (striking portions of briefs that rely on extra-record evidence); *Nat. Res. Def. Council v. U.S. EPA*, 683 F.2d 752, 753 n.2 (3rd Cir. 1982) (granting motion to strike portion of brief that relies on and refers to extra-record evidence); *Ctr. for Biological Diversity v. U.S. EPA*, 90 F. Supp. 3d 1177,

---

[2] While the court ultimately found plaintiffs lacked standing in *Wildearth Guardians*, this holding does not abrogate the Court's analysis of Defendants' extra-record declarations.

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                                                           Page 6 of 8

Case 3:23-cv-00058-SLG    Document 150    Filed 09/12/23    Page 6 of 8

1198–99 (W.D. Wash. 2015) (striking references to and portions of briefs that rely on post-decisional information); *see also* Order Granting Mot. to Strike, *Friends of Alaska Nat'l Wildlife Refuges v. Bernhardt*, 381 F. Supp. 3d 1127 (D. Alaska 2019), Dkt. 81. The court should, therefore, strike ConocoPhillips' and the Borough's extra-record materials and associated content in the parties' briefs, and not rely on such content in rendering its decision in this case.

Respectfully submitted September 12th, 2023.

s/ Bridget Psarianos
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org

Attorneys for Plaintiffs

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG                                                    Page 7 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 7 of 8

# CERTIFICATE OF SERVICE

I certify that on September 12, 2023, I caused a copy of the PLAINTIFFS' MOTION TO STRIKE to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case who are registered with the CM/ECF system.

s / Bridget Psarianos
Bridget Psarianos

Pls.' Mot. to Strike
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:23-cv-00058-SLG   Page 8 of 8

Case 3:23-cv-00058-SLG   Document 150   Filed 09/12/23   Page 8 of 8